HEARING DATES:  October 14, 2016 at 10: 00 a.m.
October 18, 2016 at 10:00 a.m.

Jil Mazer-Marino,
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
990 Stewart Avenue, Suite 300
Garden City, New York 11530-9194
Telephone:  (516) 741-6565
jmazermarino@msek.com

*Proposed Counsel for the Chapter 7 Trustee for Shlomo Levi*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

In re:

**ESPRESSO MANAGEMENT HOLDING,**
**INC, et. al.**

                              Debtors.
-------------------------------------------------------------------X

In re:

**ESPRESSO DREAMS LLC**

                              Debtor.
-------------------------------------------------------------------X

**Chapter 11**

**16-12413 (MEW)**

**(Jointly Administered)**

**Chapter 11**

**16- 12749(MEW)**

**CHAPTER 7 TRUSTEE FOR SHLOMO LEVI'S:  (A) OBJECTION TO
ESPRESSO MANAGEMENT HOLDING, INC., ET. AL.'S MOTION TO
DISMISS CHAPTER 11 CASES PURSUANT TO 11 U.S.C. §105(a), 1112(b) AND
305(a) AND RULE 1017 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE; AND (B) RESERVATION OF RIGHTS CONCERNING
ESPRESSO DREAMS LLC'S EMERGENCY MOTION FOR ORDER (I)
SEEKING IMMEDIATE TURNOVER AND POSSESSION OF PROPERTY BY
SHERIFF OF THE CITY OF NEW YORK PURSUANT TO BANKRUPTCY
CODE §543, AND (II) REQUEST FOR HEARING ON SHORTENED NOTICE**

**TO THE HONORABLE MICHAEL E. WILES,**
**UNITED STATES BANKRUPTCY JUDGE**:

Jil Mazer-Marino, the chapter 7 trustee (the "**Trustee**") for the bankruptcy estate (the

"**Levi Estate**") of Shlomo Levi ("**Levi**"), as and for her (a) objection to *Debtor's Motion to*

*Dismiss Chapter 11 Cases Pursuant to 11 U.S.C. §105(a), 1112(b) and 305(a) and Rule 1017 of*

*the Federal Rules of Bankruptcy Procedure* [Case No. 16-12413, Dkt. No. 17] filed on behalf of Espresso Management Holding, Inc., Espresso Stores Inc., AF-1, LLC, AF-22, LLC, and F-6 Chelsea Inc. (the "**Franchisee Debtors**"); and (b) reservation of rights concerning *Espresso Dreams LLC's Emergency Motion for Order (I) Seeking Immediate Turnover and Possession of Property by Sheriff of the City of New York Pursuant to Bankruptcy Code §543, and (II) Request for Hearing on Shortened Notice* [Case No. 16-12749, Dkt. No. 8] filed on behalf of Espresso Dreams LLC (the "**Leasehold Debtor**"), respectfully sets forth as follows:

## PRELIMINARY STATEMENT

1.   The Franchisee Debtors' cases should be converted to cases under chapter 7 to permit a trustee to investigate the Franchisee Debtors' assets, including claims against non-Debtor affiliates and insiders. Conversion will not prejudice the Franchisee Debtors as they admittedly have no operations.

2.   Regarding the Leasehold Debtor's motion for turnover, the Trustee is reserving her rights to assert that the assets that the Leasehold Debtor is seeking may be property of the Franchisee Debtors and the Levi Estate may have an interest in such assets. In addition, all rights are reserved by the Levi Estate to seek conversion of, or the appointment of a chapter 11 trustee for, the Leasehold Debtor.

## FACTS

3.   On April 7, 2016, Levi filed a voluntary petition for relief under chapter 7, title 11 of the United States Code (the "**Bankruptcy Code**").

4.   Levi's Statement of Financial Affairs states that within the four years prior to commencing his case, he was a member of Espresso Dreams LLC. None of Levi's Schedules nor his Statement of Financial Affairs discloses that he is an owner, officer, director, or manager of any of the Franchisee Debtors.

2

5.     On August 22, 2016, each of the Franchisee Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Each of the Chapter 11 petitions is signed by Shlomo Levi.

6.     By order entered September 28, 2016, this Court entered an order granting Filicori Zecchini USA Corp.'s and Gruppo Industriale Filicori-Zecchini S.p.A.'s (together "**Filicori**") motion for relief from the automatic stay and to proceed with its actions pending in New York City Supreme Court against the Franchisee Debtors.

7.     Two days later, on September 30, 2016, the Leasehold Debtor filed a voluntary chapter 11 petition. The *Declaration of Moshe Maman Pursuant to Local Bankruptcy Rule 1007-2 in Support of Debtor's Chapter 11 Petition* (the "**Maman Dec.**") declares that, "[a]ccording to [the Leasehold Debtor's] members, the [Leasehold] Debtor's shareholders are, and always have been Arik and Sharon Turjman." Maman Dec. at 7. The Maman Dec. also states that "[n]either the Debtor nor its owners, Arik and Sharon Turjman, had any ownership in, or control over, the [Franchisee Debtors]. The Debtor is not an affiliate of the [Franchisee Debtors]." *Id* at 13.

8.     Levi's testimony at the May 5, 2016 Meeting of Creditors and the documents he supplied to the Trustee evidence that Moshe Mamon and Sharon Turjman are Levi's friends and relatives and the Franchisee Debtors and the Leasehold Debtor belong to Levi. Specifically Levi testified to the effect that:[1]

(a)     Members of his and his wife's family invested in AF-1 (one of the Franchisee Debtors) to support Levi and his wife and prevent Levi and his wife from divorcing because Levi lost everything in the 2008 collapse of the financial markets.

---

[1] The testimony taken at the 341 Meeting of Creditors has not been transcribed. A Recording of the Meeting is available from the Trustee.

3

(b) Levi is employed by AF-1 as a manager and "does everything" in connection with operating the espresso stores. He does not receive a paycheck but his employer, AF-1, pays Levi's expenses (e.g., rent) directly.

(c) His wife is employed by AF-1 part time and earns $1,000 approximately every other week.

(d) Moshe Maman is Levi's best friend and is also employed by AF-1.

(e) Lola 8 West, Ltd finances AF-1 and is owned by Sharon Turjman.

9. In response to the Trustee's informal requests for documents, Levi provided the Trustee with copies of his wife's purported paychecks and the checks from his employer for rent in lieu of a paycheck. The paychecks and rent checks are not from AF-1 but from Lola 8 West Ltd. Copies of the paychecks and rent checks produced by Levi are attached hereto as **Exhibit A**. The attorneys' fees for Levi's chapter 7 case were paid by Lola 8 West Ltd. A copy of the Disclosure of Compensation of Attorney for Debtor(s) is attached hereto as **Exhibit B**.

10. The New York State Division of Corporations identifies Lola 8 West Ltd. as having an address for service of process as: c/o Sharon Turjman, 8 West 46th Street, New York, New York 10036. A copy of New York State entity search is attached hereto as **Exhibit C**. Sharon Turjman is an owner of the Leasehold Debtor. *See* List of Equity Security Holders for Espresso Dream LLC, Case No. 16-12749, Dkt. No. 3. 8 West 46th Street, New York, New York is the address for AF-22 LLC, a Franchisee Debtor.

## OBJECTION TO FRANCHISEE DEBTORS' MOTION TO DISMISS CASES

11. Bankruptcy Code section 1112(b) provides that "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a

4

trustee or an examiner is in the best interests of creditors and the estate. 11 U.S.C. § 1112(b). "[A] bankruptcy court has 'wide discretion' to determine if cause exists, and if cause is present, to decide whether to convert the case to one under Chapter 7 or to dismiss." *In re Babayoff*, 445 B.R. 64, 76 (Bankr. E.D.N.Y. 2011).

12. The Trustee submits it is in the best interests of the Franchisee Debtors' estates and creditors for the cases to be converted to chapter 7 as opposed to being dismissed. A chapter 7 trustee is required to investigate potential claims by the Franchisee Debtors against the Leasehold Debtor, including claims that may be based on the Franchisee Debtors' payment of rent for the Leasehold Debtor, the Leasehold Debtor's failure to assign its real property leases to the Franchisee Debtors, and the Leasehold Debtor's use of the Franchisee Debtors' equipment without consideration.

### RESERVATION OF RIGHTS CONCERNING LEASEHOLD DEBTOR'S MOTION FOR TURNOVER

13. The Levi Estate has an economic interest in the furniture, fixtures, equipment, and books and records that the Leasehold Debtor seeks because Levi is the owner and manager of the Franchisee Debtors. The furniture, fixtures and equipment (that the Leasehold Debtor seeks by its turnover motion) relate to the operation of the cafés and were provided to the Franchisee Debtors as a result of the Filicori franchise agreements with the Franchisee Debtors. The Trustee reserves all rights and remedies of the Levi Estate respecting the furniture, fixtures, and equipment sought by the Leasehold Debtor

14. The Trustee is advised that the Franchisee Debtors' books and records were located at the premises padlocked by the Sheriff. To the extent the Leasehold Debtor obtains possession, custody or control over those books and records, they should be delivered to the Trustee or the trustee appointed for the Franchisee Debtors, if one is appointed.

15. The documents produced by Filicori, Levi's testimony at the Meeting of Creditors and the petition and schedules filed by Levi, the Franchisee Debtors and the Leasehold Debtor, evidence that the Franchisee Debtors and the Leasehold Debtor may have been used for improper purposes by Levi, Maman and the Turjmans and the dealings among those persons and entities may not have been at arms' length. Despite the representation that the Turjmans have no connection with the Franchisee Debtors or Levi, the Turjmans (through Lola 8 West Ltd.) were paying Levi's rent as of April 2016 and operated at least one of their companies from the Franchisee Debtors' premises. The Trustee reserves her rights, in her capacity as Trustee for the Levi Estate, to seek the appointment of a chapter 11 trustee or to convert the Leasehold Debtor's case to chapter 7.

WHEREFORE, based on all of the foregoing, the Trustee respectfully requests that this Court enter an order converting the Franchisee Debtors cases to cases under chapter 7. .

Dated: Garden City, New York
October 11, 2016

        **MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**

        By: **/s/ Jil Mazer-Marino**
            Jil Mazer-Marino, Esq.
        **990 Stewart Avenue, Suite 300**
        **Garden City, New York 11530-9194**
        **Telephone:    (516) 741-6565**
        **jmazermarino@msek.com**

        *Proposed Counsel for Jil Mazer-Marino, not individually but as chapter 7 trustee for Shlomo Levi*

# EXHIBIT A

**LOLA 8 WEST LTD**
8 W 46TH ST, NEW YORK, NY 10036

1152
1367-260

DATE: MARCH 1, 2016

PAY TO THE ORDER OF: Juvenal L Marchisio, as atty

$4,900.00

FOUR THOUSAND NINE HUNDRED + 00/100 ——— DOLLARS

LOLA 8 WEST LTD

TD BANK
America's Most Convenient Bank

FOR: MAR RENT 309 E 49th ST APT 4E

⑈001152⑈ ⑆026013673⑆ 4278053655⑈

1267

**LOLA 8 WEST LTD**
8 W 46TH ST, NEW YORK, NY 10036

DATE APRIL 28, 2016    1367/260

PAY TO THE ORDER OF  JUVENAL L. MARCHISIO, AS ATTORNEY    $ 4900.00

FOUR THOUSAND NINE HUNDRED + 00/100    DOLLARS

TD BANK
America's Most Convenient Bank

LOLA 8 WEST LTD

FOR APR RENT

⑈00 1267⑈  ⑆0260 1367 3⑆  4278053651⑈

04/29



**LOLA 8 WEST LTD**
8 W 46TH ST, NEW YORK, NY 10036

1373
1-1367/260

DATE MAY 20, 2016

PAY TO THE ORDER OF ELLA NICKOLAY     $ 1,000.00

ONE THOUSAND & 00/100 ———— DOLLARS

TD BANK
America's Most Convenient Bank

LOLA 8 WEST LTD

FOR _____

⑴"001373" ⑴:026013673⑴: 4278053651⑴"

05/20

```
                                                                              1253
  LOLA 8 WEST LTD
  8 W 46TH ST, NEW YORK, NY 10036
                                                        DATE April 8, 2016   1067/260
  PAY
  TO THE
  ORDER OF  ELLA NICKOLAY                                          $ 1,000.00

  ONE THOUSAND + 00/100                                            DOLLARS

            TD BANK                                    LOLA 8 WEST LTD
        America's Most Convenient Bank

  FOR_____                       _____

       ⑈00l253⑈ ⑆026013673⑇    4278053651⑈
```



| | 1245 |
|---|---|
| **LOLA 8 WEST LTD**<br>8 W 46TH ST, NEW YORK, NY 10036 | |
| | DATE Apr 1, 2016   1-1367-260 |
| PAY TO THE ORDER OF  Ella Nickolou | $ 1,000.00 |
| One thousand & 00/100 | DOLLARS |
| TD BANK<br>America's Most Convenient Bank | LOLA 8 WEST LTD |
| FOR _____ | [signature] |
| ⑈001245⑈ ⑆026013673⑊ 4278053651⑈ | |

84/64

# EXHIBIT B

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Southern District of New York

| In re | Shlomo Levi | Case No. | 16-10837 |
|---|---|---|---|
| | Debtor(s) | Chapter | 7 |

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | For legal services, I have agreed to accept | $ | 4,500.00 |
   |---|---|---|
   | Prior to the filing of this statement I have received | $ | 4,500.00 |
   | Balance Due | $ | 0.00 |

2. $ **300.00** of the filing fee has been paid.

3. The source of the compensation paid to me was:

   ☐ Debtor   ☑ Other (specify): **Lola 8 West Ltd.**

4. The source of compensation to be paid to me is:

   ☑ Debtor   ☐ Other (specify):

5. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Dischargeability or discharge litigation and any opposition to dismissal motions.**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| April 7, 2016 | /s/ Scott S. Markowitz |
|---|---|
| *Date* | Scott S. Markowitz, Esq. |
| | *Signature of Attorney* |
| | Tarter Krinsky & Drogin LLP |
| | 1350 Broadway |
| | 11th Floor |
| | New York, NY 10018 |
| | (212) 216-8000  Fax: (212) 216-8001 |
| | smarkowitz@tarterkrinsky.com |
| | *Name of law firm* |

# EXHIBIT C

# NYS Department of State

## Division of Corporations

### Entity Information

The information contained in this database is current through October 7, 2016.

Selected Entity Name: LOLA 8 WEST LTD.
Selected Entity Status Information

**Current Entity Name:** LOLA 8 WEST LTD.
**DOS ID #:** 4355637
**Initial DOS Filing Date:** FEBRUARY 05, 2013
**County:** NEW YORK
**Jurisdiction:** NEW YORK
**Entity Type:** DOMESTIC BUSINESS CORPORATION
**Current Entity Status:** ACTIVE

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
C/O SHARON TURJMAN
8 WEST 46TH STREET
NEW YORK, NEW YORK, 10036

**Registered Agent**
NONE

This office does not record information regarding the names and addresses of officers, shareholders or directors of nonprofessional corporations except the chief executive officer, if provided, which would be listed above. Professional corporations must include the name(s) and address(es) of the initial officers, directors, and shareholders in the

initial certificate of incorporation, however this information is not recorded and only available by viewing the certificate.

***Stock Information**

**# of Shares   Type of Stock   $ Value per Share**
200              No Par Value

*Stock information is applicable to domestic business corporations.

**Name History**

**Filing Date    Name Type    Entity Name**
FEB 05, 2013    Actual       LOLA 8 WEST LTD.

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New York State. The entity must use the fictitious name when conducting its activities or business in New York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results   New Search

Services/Programs | Privacy Policy | Accessibility Policy | Disclaimer | Return to DOS Homepage | Contact Us